MARY R. GORDON et al., Appellants, v. FRANK TATE and WINIFRED TATE.

Division One, May 24, 1926.

1. **ESTATES: Sale under Execution.** Both an equitable life estate and a contingent remainder in fee, when clothed with their usual attributes, are alienable and therefore subject to sale under execution.

2. **EQUITABLE LIFE ESTATE: Restriction upon Sale.** Alienability is not an essential element of an equitable life estate, and a valid restriction against its alienation by the donee, or against its sale under execution to pay the donee's debts, may be imposed by the donor by an express provision that it shall not be sold or subject to sale while the title remains in the trustee.

3. **CONTINGENT REMAINDER: Alienability: Restriction upon Sale.** Neither is alienability a necessary attribute of a contingent re-

Gordon v. Tate.

mainder, but where the donor has the right of disposition by will he can give the property absolutely, or he can impose any restrictions or fetters not repugnant to the nature of the estate he gives; he can as the founder of a trust provide that a contingent remainder shall go to his beneficiary with the restriction that it shall not be alienable by anticipation, or subject to sale under execution in advance of the vesting of the legal title.

4. **DEVISE: To Executor in Trust: Life Estate and Remainder: Sale under Execution.** The will gave the residue of testator's estate to his executor, in trust, directing that "my said estate shall be kept together as one estate for the period of twenty-one years after my decease, before distributing the principal among the beneficiaries, the net income only being distributed prior" to that time. The testator had a granddaughter, for whom, the will explained, he had some years previously purchased a home, "the free use of which she is to enjoy during her lifetime, and then it is to go to her children. It is to be understood that I hold the title to said property, and when the time comes for final distribution of the principal of my estate, the said property shall be deeded to said granddaughter, or in case of her decease, then to her children. Prior to the time fixed for the final distribution of the principal of my estate, the title to the whole of said estate shall be and remain in my executor, in trust, as aforesaid, and no part of, or interest in, either the income or principal thereof, shall be assignable by any devisee or beneficiary hereunder; nor shall the same be subject to encumbrance or conveyance by any one; nor shall the same, or any part thereof, be subject to any execution, attachment, garnishment or other process in the hands of said executor, at the suit of any such devisee or beneficiary; and any beneficiary hereunder who shall attempt to assign, convey or encumber any interest devised hereby, shall by such act forfeit such interest." *Held*, that under the will the granddaughter took an equitable life estate and also a contingent remainder in fee, and by the plain words of the will they are not alienable or subject to the claims of her creditors during a period of twenty-one years after testator's death, and nothing in the law prevented him from imposing such restrictions, and neither estate is subject to sale under a judgment rendered against her during that period.

Corpus Juris-Cyc. References: Estates, 21 C. J., Section 71, p. 940, n. 74, 79 New; Section 156, p. 998, n. 61; p. 999, n. 67 New. Executions, 23 C. J., Section 67, p. 336, n. 59; Section 70, p. 336, n. 65, 67. Wills, 40 Cyc., p. 1716, n. 76.

Appeal from St. Louis City Circuit Court.—*Hon. H. A. Hamilton*, Judge.

A'FFIRMED.

*John B. Denvir, Jr.,* for appellants.

(1)    The sheriff had the right to and did sell all the right, title and interest of respondent Winifred D. T. Tate in the property in question, under execution. Secs. 1623, 1625, R. S. 1919; Gritchell v. Kreidler, 12 Mo. App. 497. (2)    The will of Jerome F. Downing, deceased, did not create a spendthrift trust with reference to the property in question. Kessner v. Phillips, 189 Mo. 524; Graham v. More, 189 S. W. 1186.

*Boyle & Priest* and *G. T. Priest* for respondents.

The defendant had no interest accruing to her under her grandfather's will that she could alienate or that was subject to any attachment or levy and execution. Under her grandfather's will the title to all the property bequeathed thereunder was held by the trustee. By the further terms of the will this title was to be held inviolate against any action by any creditor of any of the legatees or beneficiaries thereunder. It is further provided that any effort upon the part of any legatee to alienate any of his interest bequeathed under the will would result in cutting off that particular legatee, and his share would be distributed among the other legatees. Under these circumstances the will vested no interest in her, which was subject to attachment, levy and execution. McIlvane v. Smith, 42 Mo. 45; Lampert v. Haydel, 96 Mo. 439; Partridge v. Cavender; 96 Mo. 452. It is quite evident, under the terms of the will, that a levy executed on the property would thwart its very purpose, for its effect under the will would be to deprive the particular beneficiary of any interest under the will and his estate would go to the other legatees, because any

attempted alienation or assignment on the part of any particular legatee would have that effect under the will and an execution would be predicated upon the idea that there had been an assignment in law by the particular legatee.

RAGLAND, P. J.—Ejectment to recover the possession of the premises known as No. 4515 Pershing Avenue, in the city of St. Louis. Jerome Francis Downing is the common source of title. Downing was a resident of the State of Pennsylvania, where he died testate. His will was admitted to probate in the State of his domicile, and thereafter a duly authenticated copy was recorded in the office of Recorder of Deeds of the City of St. Louis. The will in so far as it has a bearing on the issues involved is as follows:

"All the rest, residue and remainder of my estate, real, personal and mixed (subject to such conditions or reservations as are hereinafter mentioned) of which I shall die seized and possessed, or which I shall be entitled to at my death, I give, devise, and bequeath unto my executor hereinafter named, in trust for the uses and purposes hereinafter stated; it being my purpose and desire, and I do hereby direct, that my said estate shall be kept together as one estate for the period of twenty-one years from and after my decease, before distributing the principal among the beneficiaries hereinafter named, the net income only being distributed prior to the time fixed for the distribution of the principal. By net income, I mean gross income less taxes, insurance, necessary repairs, legal and incidental expenses. . . .

"In the case of my granddaughter, Mrs. Winifred T. Cabanne, it is proper to explain that I, some years since, purchased a suitable home for her in the city of St. Louis, Missouri, being No. 4515 Berlin Avenue (now Pershing Avenue) in said city, the free use of which she is to enjoy during her lifetime, and then go to her children. The outlay thus made, together with advances in money, from time to time in the past, place

her upon the same footing, with respect to her share of the net income of my estate, as my two sons and daughter mentioned in the 4th section of this will. It is to be understood that I hold the title to the said St. Louis property, and when the time comes for the distribution of the principal of my estate, the said property shall be deeded to said granddaughter, or in case of her decease, then to her children. While the title to said property remains in my name, I regard it as essentially my granddaughter's home. In case of the decease of my said granddaughter, my executor may, if he should deem best, sell the said St. Louis property and place the proceeds (including any insurance money which might be received in case of total loss by fire) in the hands of a trustee, to be by him selected, the interest only to be paid to said children for and during the period of twenty-one years, at the end of which time said fund held in trust, shall be paid over to said children, or to their heirs or legal representatives. My said executor may also, if my said granddaughter shall wish it, sell the property, at any time during her lifetime, and place the money thus realized in the hands of a trustee, to be held for twenty-one years, the interest only being paid to her, or to her children; at the end of which period, the principal shall be paid to said granddaughter or to her heirs, as the case may be. In case this branch of my family shall become extinct prior to the time fixed for the distribution of the principal of my estate, said property shall revert to my estate. . . .

"Prior to the time fixed for the final distribution of the principal of my estate, the title to the whole of said estate, so far as my executor shall not have disposed of the same, shall be and remain vested in my executor, in trust as aforesaid, and no part of, or interest in, either the income or principal thereof, shall be assignable by any legatee or devisee or beneficiary hereunder; nor shall the same be subject to encumbrance or conveyance by any one, other than said executor; nor shall the same, or any part thereof, be subject to any execu-

tion, attachment, garnishment or other process in the hands of said executor, at the suit of any creditor of any such legatee, devisee or beneficiary; and any beneficiary hereunder who shall attempt to assign, convey or encumber any interest devised or bequeathed hereby, shall by such act forfeit such interest, and the same shall thereupon go to the remaining beneficiaries hereunder.''

Prior to the institution of this suit plaintiffs had obtained a judgment against the defendant Winifred D. T. Tate (formerly Cabanne), the Sheriff of the City of St. Louis, under an execution issued to satisfy such judgment, had sold, or undertaken to sell, all the right, title and interest of said defendant in and to the premises in controversy, and had executed to plaintiffs, the purchasers at that sale, a deed purporting to convey such right, title and interest.

Defendant in her answer alleged ''that the only right, title or claim she has to the property in question is derived by her through the will of Jerome Francis Downing, deceased.'' It was admitted that on the date on which this suit was commenced she was residing in the property.

The trial court found the issues for defendants and gave judgment accordingly. Plaintiffs prosecute this appeal.

The only question in the case is whether the interest of defendant in the premises in suit, which she derived through her grandfather's will, was subject to sale under execution. Under the will she took an equitable life estate and also a contingent remainder in fee. Both of such estates, when clothed with their usual attributes, are alienable and therefore subject to seizure and sale under execution. [Donaldson v. Donaldson, 278 S. W. 686, 689.] But it is manifest that, if the intention of the testator be given effect, the estates devised to defendant were not invested with all the attributes of property, in that, for a period of twenty-one years they were not alienable or subject to the claims of creditors. The

314 Mo. Sup.—33.

express language of the will is: "Prior to the time fixed for the final distribution of the principal of my estate . . . no part of, or interest in, either the income or principal thereof, shall be assignable by any legatee or devisee or beneficiary hereunder; nor shall the same be subject to encumbrance or conveyance by any one, other than said executor; nor shall the same, or any part thereof, be subject to any execution . . . and any beneficiary hereunder, who shall attempt to assign, convey or encumber any interest devised or bequeathed hereby, shall by such act forfeit such interest, and the same shall thereupon go to the remaining beneficiaries hereunder." That it was the intent of the donor that the gift to defendant, both income and *corpus,* should not, during the trust period, be, either alienable or subject to any debts or liens created by the beneficiary is beyond question. Can the intention of the testator be given effect? By the great weight of American authority, with which our own decisions are in line, the donor of an equitable life estate may impose such restrictions with respect thereto that the interest of the donee can neither be alienated nor subjected to the claims of his creditors. It is said: "Alienability is not an essential attribute of an equitable life estate in property; and there is nothing in the policy of the law prohibiting a donor from providing that his bounty shall be enjoyed only by those to whom he intends to extend it, and that property devoted by him to a trust otherwise valid shall not be diverted from its appointed destination." [Seymour v. McAvoy, 121 Cal. 438, 443; Matthews v. Van Cleve, 282 Mo. 19; Lampert v. Haydel, 96 Mo. 439; Heaton v. Trust Co., 153 Mo. App. 312.] Even under the English rule restrictions against the alienation of an equitable life estate are valid where as in this case there is an express provision of cesser or limitation over. [Nicholas v. Eaton, 91 U. S. 716.]

If the contingent remainder can be levied upon and sold under execution during the trust period and prior to the final distribution of the estate, one of the essen-

tial purposes of the testator will be thwarted. His clear intent that such interest shall not be alienable nor subject to the claims of creditors until under the terms of the will it vests must on both principle and authority be given effect. [Matthews v. Van Cleve, supra; Lampert v. Haydel, supra; Boston Safe Deposit & Trust Co. v. Collier, 222 Mass. 390.] He had the *jus disponendi,* which imports that he could give it absolutely, or could impose any restrictions or fetters not repugnant to the nature of the estate which he gave. Alienability is not a necessary attribute of a contingent remainder. Under the common law such interests were inalienable. There is. no reason therefore why the testator as the founder of a trust could not provide that such an interest in his property should go to his beneficiary with the restriction that it should not be alienable by anticipation, or subject to sale under execution in advance of its vesting.

Kessner v. Phillips, 189 Mo. 515, seems to be relied upon by appellants as controlling in this case. In that case there was a grant by deed of a legal estate in fee simple. In the deed it was provided that the land conveyed should not be liable for the grantee's debts, nor should it be alienable by him, for a period of thirty years. It was held that the restrictions just noted were incompatible with the estate granted. Much that is said as to the prerequisites of a spendthrift trust must be regarded as mere *dicta.*

The judgment of the circuit court is affirmed. All concur.