## ANCHOR REALTY & INV. CO. v. BECKER, Internal Revenue Collector.

### No. 10088.

District Court, E. D. Missouri, E. D.
April 8, 1933.

Edwin J. Bean, of St. Louis, Mo., for plaintiff.

Louis H. Breuer, U. S. Atty., of Rolla, Mo., and Claude M. Crooks, Asst. U. S. Atty., of St. Louis, Mo. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and E. E. Angevine, Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for defendant.

DAVIS, District Judge.

The court adopts as a finding of the facts the stipulation of the parties.

#### Memorandum.

The question to be determined in this case is whether, in determining the gain or loss upon the sale of the real estate in question, its value is to be regarded as of the date of the death of the decedent on December 4, 1914, that is, $85,000, or of the date of distribution to plaintiff's transferors on July 12, 1929, that is, $170,000.

Plaintiff takes the position that under the terms of the will the property was conveyed to trustees, and that no taxable gain is assessable against the distributees prior to the time the property was conveyed to them in 1929.

Defendant takes the position that the distributees received a vested interest in the property at the time of the decedent's death, and that the increase in value during the time it was held by the trustees, and prior to distribution, was a taxable gain.

The will provided that upon the termination of the trust the estate should be divided and one share distributed to each of the then surviving children or their descendants, and that the legal title should not vest until such division, transfer, and delivery was made.

The trustees took possession of the property in 1914, and continued in possession, management, and control until the death of the widow on February 6, 1929, and until the estate was distributed on July 12, 1929.

The estate and interest of the beneficiaries in the property placed in trust is to be determined by the law of Missouri. Edward Hines Yellow Pine Trustees v. Martin et al., 268 U. S. 458, 459, 45 S. Ct. 543, 69 L. Ed. 1050; Tyler v. United States, 281 U. S. 497, 50 S. Ct. 356, 74 L. Ed. 991, 69 A. L. R. 758.

Under the statute and decisions of this state, the decedent's children, by the will, had only an equitable interest in the income from the property in trust, and acquired and had no further title or interest prior to the termination of the trust. It was only in the event that a child or children, or descendants of a child or children, survived the widow, during whose life the trust was effective, that his or their interest in the property came into existence. The death of any beneficiary prior to this time would have left his estate and creditors with no possible recourse as against the trust property. So far as we are informed, the Missouri cases are uniformly to this effect. Graham v. More (Mo. Sup.) 189 S. W. 1186; Bixby v. St. Louis Union Trust Co., 323 Mo. 1014, 22 S.W.(2d) 813, loc. cit. 820; Lampert v. Haydel, 96 Mo. 439, 9 S. W. 780, 2 L. R. A. 113, 9 Am. St. Rep. 358; Kessner v. Phillips, 189 Mo. 515, 88 S. W. 66, 68, 107 Am. St. Rep. 368, 3 Ann. Cas. 1005; Matthews v. Van Cleve, 282 Mo. 19, 221 S. W. 34.

Thus this case is distinguishable from Brewster v. Gage, 280 U. S. 327, 50 S. Ct. 115, 74 L. Ed. 457, upon which reliance is placed, because (1) a different statute was applicable, and (2) personal property was involved. The right to the distributive share of personalty accrues at the time of the death of the owner. Subsequent events cannot alter the right to take that share.

The applicable statute is section 113 of the Revenue Act 1928, subdivision (a) (5), 26 USCA § 2113 (a) (5). The statute seems to contemplate that when real estate is acquired by general or specific devise, or by intestacy, the basis for determining loss or gain shall be the value at the time of the death of the decedent. In such case the title vests upon death of the owner, and a change in value subsequently inures to the advantage or disadvantage of the devisee. But the statute further provides: "In all other cases if the property was acquired either by will or by intestacy, the basis shall be the fair market value of the property at the time of the distribution to the taxpayer." This latter clause governs this case, for the reason that there was no general or specific devise to the parties who transferred the property in question to plaintiff. The testator devised and bequeathed his property to the trustees, and vested them with title and full authority to manage, control, and sell any part of the property. The children of the testator, surviving at the termination of the trust, were to acquire a share of the trust estate, whatever its character might then be. The value at the time of distribution, according to the statute, is the proper basis for determining gain or loss.

The following cases, decided since the submission of this cause, confirm this view, and it may be said they rule this suit.

A loss in value to real property while held in trust was recently held by the Supreme Court to be a loss to the testamentary trust estate, and not a deductible loss sustained by a beneficiary of the trust. Anderson, Collector, v. Wilson et al. (decided March 13, 1933) 53 S. Ct. 417, 77 L. Ed. ——. If during the existence of the trust estate a loss is not attributable to the beneficiary, then neither is a gain.

In the case of Lane v. Corwin, Collector, 63 F.(2d) 767, the Circuit Court of Appeals for the Second Circuit, in a case conceded by the parties hereto to be in all respects similar to this, held that there was no taxable gain to the beneficiaries while the real property was held in trust.

Conclusions of Law.

1. The proper basis to be applied in determining the gain or loss upon the sale of the property in question is its value at the date of distribution; that is, July 12, 1929.

2. Plaintiff is entitled to judgment accordingly.