BECKER, Collector of Internal Revenue, v. ANCHOR REALTY & INVESTMENT CO.

No. 9799.

Circuit Court of Appeals, Eighth Circuit.

May 10, 1934.

E. E. Angevine, Sp. Asst. to Atty. Gen. (Sewall Key, Sp. Asst. to Atty. Gen., E. Barrett Prettyman, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., Louis H. Breuer, U. S. Atty., of Rolla, Mo., and Claude M. Crooks and Bryan Purteet, Asst. U. S. Attys., both of St. Louis, Mo., on the brief), for appellant.

Edwin J. Bean, of St. Louis, Mo., for appellee.

Before STONE and SANBORN, Circuit Judges, and WYMAN, District Judge.

WYMAN, District Judge.

This suit was instituted in the District Court of the United States for the Eastern District of Missouri by the Anchor Realty & Investment Company, a Corporation, Plaintiff, v. Louis J. Becker, Collector of Internal Revenue, Defendant, for the recovery of $11,123.90, together with interest thereon, alleged to have been erroneously assessed and exacted from the plaintiff company by the defendant collector as a deficiency tax upon a gain of $92,699.23, alleged to have resulted from the sale of certain real property. By agreement of parties, trial by jury was waived, and the case was tried to the court, and on April 8, 1933, the court rendered judgment in favor of the plaintiff and against the defendant in the sum of $12,181.82. Thereafter on April 22, 1933, upon the joint motion of the attorneys for the respective parties, an amended judgment was entered in favor of the plaintiff in the sum of $12,208.23, besides costs taxed at the sum of $17.35. The case comes to this court by appeal from the amended judgment thus entered.

At the outset of our consideration of the case we are met with a motion to dismiss the appeal interposed by the appellee. In support of this motion it is asserted that the appeal is from the judgment entered on April 22, 1933; that this judgment was entered by consent and upon the joint request of the parties to the suit, and it is urged that neither party can appeal from a consent judgment. The contention of the appellee that the judgment appealed from is a consent judgment

is without support in the record. The original judgment entered on the 8th day of April, 1933, was the result of a trial in open court, where the issues were contested in good faith by the parties, and the record conclusively shows that the amended judgment was entered upon the joint application of the parties for the sole purpose of correcting an error in computation of interest which was included as a part of the original judgment. There is nothing in the record which could be regarded as consent on the part of the appellant to the entry of judgment against him. At most, his action constitutes merely a request that the judgment already entered be amended to correct an error therein concerning which there was no dispute. The motion to dismiss is without merit and is therefore denied.

There appears to be no dispute as to the material facts involved in the case, which may be stated as follows: W. L. Balson, a resident of the state of Missouri, died December 4, 1914, possessed of certain real property consisting, in part, of a tract of ground and buildings located thereon, in St. Louis, Mo. He left surviving his widow, Ella S. Balson, six children, and two grandchildren. The widow died February 6, 1929. W. L. Balson left a will by the terms of which certain real and personal property, including the property involved in this case, was to be conveyed to certain trustees named therein, to be by them held during the life of the testator's wife, Ella S. Balson, and then to be distributed to his children and grandchildren. Under the terms of the will, the income from the property was first to be used to pay the sum of $150 a month to the widow for her life and the balance of the income was to be distributed per stirpes among the other beneficiaries. Upon the death of the widow the trust was to be terminated and the property distributed to the surviving beneficiaries. Upon the admission of the will to probate the executors and trustees named therein took possession of the property and proceeded to administer the estate, which was finally settled on January 16, 1918, after which date said trustees continued in possession and control of the estate until July 12, 1929, after the death of Ella S. Balson, when the trust was terminated and the estate distributed to the legatees and devisees under the terms of the will.

The plaintiff corporation was organized under the laws of the state of Missouri on June 28, 1929, with a capital stock of 3,290 shares of no par value, with its principal place of business at St. Louis, Mo. On August 24, 1929, the plaintiff corporation took title to and possession of the property involved in this suit under and by virtue of separate deeds of conveyance from the devisees under the will of Balson. In consideration of the conveyance of the property to the plaintiff corporation, plaintiff issued to the grantors its 3,290 shares of capital stock. On January 3, 1930, plaintiff sold the property involved in this case for a consideration of $170,000. The fair market value of the property on July 12, 1929, the date on which it was distributed to plaintiff's grantors, was the same as the price for which it was sold on January 3, 1930. In making its income tax return for the year 1930, plaintiff treated the property as having been acquired by its grantors on July 12, 1929, the date of distribution, and as having the same value on that date as it had on the date of its sale in 1930, which resulted in a showing of no gain or loss from the transaction. The Commissioner of Internal Revenue directed an audit and review to be made of the return thus filed, and thereafter determined that the plaintiff had received additional taxable income in the year 1930 by reason of the gain arising from the sale by plaintiff of the property in question, and determined that an additional tax was due from the plaintiff in the sum of $11,123.90. The deficiency in tax so determined, together with interest in the sum of $364.80, was assessed against the plaintiff by the Commissioner of Internal Revenue on March 12, 1932, and certified to the defendant collector for collection, and on March 22, 1932, the tax and accrued interest was paid by the plaintiff company.

The Commissioner of Internal Revenue in his determination of the amount of additional tax computed the gain from the sale of the property in question by using its value on December 4, 1914, the date of the death of the testator, W. L. Balson, as a basis, and it appears from the record that at that time the reasonable market value of the property was $85,000.

The sole question presented by the appeal is whether or not a taxable gain resulted from the sale of the real estate involved, and, as there is no dispute as to the facts, the answer to this question depends entirely upon whether the value at the date of the death of the testator or the value at the date of distribution under the will is to be used as the basis for the determination of gain.

The law controlling the situation thus presented is set forth in the Revenue Act of 1928, 45 Stat. 818, § 113 (a) (USCA, title 26,

§ 2113 (a), subdivision 5 of which, in so far as the same is applicable to the question under consideration, reads as follows:

"(5) Property transmitted at death. If personal property was acquired by specific bequest, or if real property was acquired by general or specific devise or by intestacy, the basis shall be the fair market value of the property at the time of the death of the decedent. If the property was acquired by the decedent's estate from the decedent, the basis in the hands of the estate shall be the fair market value of the property at the time of the death of the decedent. In all other cases if the property was acquired either by will or by intestacy, the basis shall be the fair market value of the property at the time of the distribution to the taxpayer."

It is the contention of the appellant that, under the facts in this case, appellee's grantors acquired the property involved by devise, and that, while the legal title was in the trustee until the termination of the trust, said grantors acquired a vested interest in the property upon the death of the testator. Therefore it is urged the proper basis for the determination of the gain is the fair market value of the property at the time of the death of the decedent as provided in the first sentence of the statute quoted above. On the other hand, it is contended by appellee that under the terms of the will the beneficiaries of the trust acquired nothing upon the death of the testator except an equitable interest in the income from the property in trust until the termination of the trust, that the interest which they acquired in the trust property itself upon the testator's death was merely a contingent remainder which was without substance or value and amounted to nothing more than an expectancy, and that the proper basis for the determination of gain resulting from the sale of the property by them after the termination of the trust is the fair market value at the time of its distribution to them, as provided in the last sentence of the part of the statute quoted above.

■ The will of W. L. Balson created a trust under the law of the state of Missouri, and the law of that state, as construed by its courts, must control the operation and effect of the trust thus created. Suskin & Berry, Inc., v. Rumley (C. C. A.) 32 F.(2d) 304, 68 A. L. R. 768; John Freuler, Adm'r, v. Helvering, Commissioner, 291 U. S. 35, 54 S. Ct. 308, 78 L. Ed. 634, decided by the Supreme Court January 8, 1934.

■ The Supreme Court of Missouri has repeatedly held that the beneficiaries under a trust such as the one here involved acquired no vested interest in the property upon the death of the testator, but took only a contingent remainder until there was an actual distribution of the trust property. Bixby v. St. Louis Union Trust Co., 323 Mo. 1014, 22 S.W.(2d) 813, 820; Matthews v. Van Cleve, 282 Mo. 19, 221 S. W. 34; Eckle v. Ryland, 256 Mo. 424, 165 S. W. 1035, 1040; Graham v. More (Mo. Sup.) 189 S. W. 1186, 1188; Buxton v. Kroeger, 219 Mo. 224, 117 S. W. 1147, 1153; Kessner v. Phillips, 189 Mo. 515, 88 S. W. 66, 68, 107 Am. St. Rep. 368, 3 Ann. Cas. 1005; Lampert v. Haydel, 96 Mo. 439, 9 S. W. 780, 2 L. R. A. 113, 9 Am. St. Rep. 358.

■ The will creating the trust conveys the property to the trustees and, among other things, contains the following provisions:

"After the death of my wife the trustees shall apportion the net income of the trust estate and pay one share to each of my surviving children and one share per stirpes to any descendants of any of my deceased children. On the termination of said trust as aforesaid the trustees shall divide the then trust estate into as many shares as necessary and convey, transfer, deliver and pay one share of the principal of the then trust estate to each of my then surviving children and one share per stirpes to any descendants of each of my children then deceased. For the purpose of making division of the trust estate as aforesaid, the trustees are authorized to place values upon the different items of real and personal property then belonging to the trust estate and thereupon to divide the same according to such values and so as to make a fair distribution among the beneficiaries respectively. The respective beneficiaries shall not be vested with legal title to any property of the trust estate until division thereof as aforesaid and transfer and delivery to them respectively."

"Under no circumstances shall the beneficiaries have power to anticipate payments to become due the beneficiaries under the terms hereof. All transfers, assignments, pledges and mortgages by any beneficiaries of the interest of such beneficiaries in the estate held by the trustees for such beneficiaries shall be void and of no effect, nor shall such interest of the beneficiaries in the principal and income of the trust estate be subject to any debt or liability of such beneficiaries, nor subject to attachment, garnishment or execution under any suit at law or equity."

In the case of Lane v. Corwin, Collector, 63 F.(2d) 767, 770, the Circuit Court of Ap-

358

peals for the Second Circuit passed upon the identical question here involved. That case had to do with the construction of a testamentary trust created under the law of the state of New York, and the court held that, under the facts in the case and the law of New York, the interest in the trust property acquired by the beneficiaries upon the death of the testator was but a contingent interest until distribution under the trust. The following paragraph taken from the opinion of the court in that case applies with equal force to the case at bar.

"The complete enjoyment of the real estate could be obtained only after satisfying both the contingency of the termination of the trust and the contingency of the survival of the sons after the termination of the trust. This interest is not substantially a specific or general devise within the first sentence of section 113 (a) (5). Therefore it falls within the third sentence of the statute, and the date of acquisition by the deed is the basis upon which to determine the cost to appellants."

The judgment of the trial court is clearly right, and is therefore affirmed.