## HASKELL v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5686.

Circuit Court of Appeals, Third Circuit.

June 19, 1935.

Rehearing Denied Sept. 17, 1935.

Wm. S. Gregg, of Wilmington, Del., for petitioner.

Helen R. Carloss, of Washington, D. C., for respondent.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

The facts in this case are undisputed. Mrs. Elizabeth D. Haskell, the wife of the taxpayer, died May 12, 1929. Her will appointed him sole executor and sole legatee of her estate in language as follows: "In the event that my husband, Harry Gardner Haskell, shall survive me, I give, devise, and bequeath to him all the estate, real and personal, wherever situated, which I now own or may hereafter acquire, or in which I may have an interest at the time of my death, to be owned, enjoyed, and held by him, his heirs, and assigns forever; and I hereby appoint him my sole executor of this my last will and testament."

Included in her estate were 7,000 shares of the common stock of the E. I. du Pont de Nemours & Co. These 7,000 shares were actually transferred to the taxpayer as sole legatee on April 14, 1930. On various dates from August 20, 1930, to September 5, 1930, inclusive, the taxpayer sold said stock, realizing therefrom the total sum of $804,331.50. The fair market value of the shares at the death of Mrs. Haskell was $1,223,999.43. Their fair market value on April 14, 1930, the date on which the shares were transferred to the taxpayer from his wife's estate, was $980,-236.83. The taxpayer, in his income tax return for the year 1930, claimed a loss on the sale of said shares in the amount of $419,667.93, representing the difference between the selling price thereof, or $804,-331.50, and the fair market value thereof on May 12, 1929, the date of the death of his wife, or $1,223,999.43. In determining an alleged deficiency on such return, the Commissioner held the deductible loss was $175,905.33, representing the difference between the selling price thereof and the fair market value on the date on which the shares were actually transferred to the taxpayer. The Board sustained the Commissioner, whereupon the taxpayer took this appeal.

It will thus be seen that the question involved in this case is whether the shares of stock received by the taxpayer under the will of his wife were acquired by specific bequest within the meaning of section 113 (a) of the Revenue Act of 1928 (26 USCA § 2113 (a), which provides that gain or loss from the sale of property acquired by specific bequest is to be determined on the basis of their fair market value at the time of the death of the decedent. The will of Mrs. Haskell is clear that the taxpayer did

not acquire the stock by specific bequest, but by virtue of the provision that he was the sole legatee of his wife's estate. In that regard the language of the statute is clear and requires no construction. The taxpayer took not by specific bequest, but by the inclusive provision of the whole of the estate. The general provisions of the statute make this a hard case, but we cannot create by construction an exception to its provision. We are, therefore, constrained to approve the findings of the Tax Board and affirm its decision.