## VAN NOSTRAND v. UNITED STATES.
### No. 5935.
District Court, D. Massachusetts.

Feb. 15, 1937.

Cook, Brownell & Taber, of New Bedford, Mass., for plaintiff.

Francis J. W. Ford, U. S. Atty., and Arthur L. Murray, Asst. U. S. Atty., both of Boston, Mass., Robert H. Jackson, Asst. Atty. Gen., and Andrew D. Sharpe and F. A. Michels, Sp. Assts. to Atty. Gen., for the United States.

BREWSTER, District Judge.

This suit is brought to recover a portion of an additional assessment of tax upon plaintiff's income for the year 1929. The case was tried without jury upon an agreed statement of facts.

Two questions are presented. The first is whether certain rights received in 1929 by the plaintiff, as owner of stock in the American Telephone & Telegraph Company, to subscribe for convertible bonds, should have been returned as dividends in plaintiff's return of 1929 income. This question was involved in T. I. Hare Powel v. Commissioner of Internal Revenue, 27 B.T.A. 55, in which case the Board of Tax Appeals held that these rights were not taxable as dividends. With that conclusion I agree, and it follows that the Commissioner erred in including the value of these rights in determining the tax for 1929.

The second question is raised upon the following facts: By the will of the plaintiff's father Alonzo G. Van Nostrand, the residue of testator's estate was given to trustees, upon trust to distribute the income to named beneficiaries during the life of the testator's wife, and upon her death to pay the principal of the trust fund to the plaintiff. The trustees qualified as such and took over the residue on December 31, 1925, and held and administered the trust property during the lifetime of the testator's widow, who died April 8, 1927.

On July 27, 1927, the trustees transferred to the plaintiff the corpus of the trust which included certain securities that were sold by him in 1929. There was no order of distribution entered in any court proceedings, and it is agreed that no such order was necessary under the Massachusetts practice. In determining the gain from the sale of these securities, the Commissioner took as a cost basis the fair market value on April 8, 1927, the date of the death of the life beneficiary. Plaintiff contends that the proper cost basis was the value on July 27, 1927, the date when the trust estate was turned over to him.

The controlling statutory provisions are found in the Revenue Act of 1928, § 113 (a) (5), 26 U.S.C.A. § 113 note, which reads as follows:

"If personal property was acquired by specific bequest, or if real property was acquired by general or specific devise or by intestacy, the basis shall be the fair market value of the property at the time of the death of the decedent. If the property was acquired by the decedent's estate from the decedent, the basis in the hands of the estate shall be the fair market value of the property at the time of the death of the decedent. In all other cases if the property was acquired either by will or by intestacy, the basis shall be the fair market value of the property at the time of the distribution to the taxpayer."

296

It apparently is agreed that the cost basis is to be determined according to the last sentence of section 113 (a) (5), 26 U.S.C.A. 2113 (a) (5), see 26 U.S.C.A. § 113 note. Defendant adopted as the date of distribution the date when the plaintiff became entitled to the possession of the trust res. To reach this conclusion it is necessary to interpret the words "time of distribution" to mean the time when the taxpayer is entitled to have the estate distributed. In my opinion, such an interpretation is not sound. Haskell v. Commissioner of Internal Revenue (C.C.A.) 78 F.(2d) 869; Becker v. Anchor Realty & Inv. Co. (C.C.A.) 71 F.(2d) 355; Lane v. Corwin (C.C.A.) 63 F.(2d) 767.

The phrases "time of acquisition" and "time of distribution" are not to be treated as synonymous even when found in the same Revenue Act. McFeely v. Commissioner of Internal Revenue, 296 U.S. 102, 56 S.Ct. 54, 80 L.Ed. 83, 101 A.L.R. 304. The word "distribution," as used in the statute, connotes a disposal or division of property and involves the idea of a transfer of title and control to the taxpayer. The death of the life beneficiary did not work a distribution or operate to pass title to the plaintiff.

The plaintiff is right in contending that the gain resulting from the sale of the securities was the difference between the fair market value of the securities on July 27, 1927, and the selling price.

Judgment may be entered for the plaintiff for the sum of $893.94, with interest from June 1, 1932.