McQueen *et al.* v. Lilly *et al.*, *Appellants.*

Division One, November 26, 1895.

1. **Will:** CONSTRUCTION: LEGACY. A testator bequeathed to his daughter, the plaintiff, a certain legacy which was not declared to be in lieu of her entire estate under the will. *Held,* construing the provisions of the will, that she was also entitled to her proportionate part of the residuary estate.

·2. ———: ———: EVIDENCE. Evidence of unfriendly relations between the testator and his daughter are inadmissible to show her partial disinheritance, where, by the terms of the will, she is entitled to her proportionate interest in the estate.

3. ———: PARTITION: STATUTE. Where there is no restriction in a will on the right of the devisees to alienate the land, Revised Statutes, 1889, section 7142, providing that no partition or sale of lands shall be made, contrary to the intention of the testator, does not apply.

4. ———: LEGACY: PERSONAL ESTATE. Personal estate is the primary fund for the payment of legacies, unless it appears from the language of the will that the testator intended otherwise.

5. ———: PARTITION: PAYMENT OF LEGACY. In a suit in partition it appeared from the terms of the will that the testator intended a pecuniary legacy to be paid in any event; that the testator did not intend to charge either the realty or personalty with the payment of legacies, and that none of the real estate in suit was specifically devised. *Held,* that in case of failure of the personal estate the pecuniary legacy could be properly charged against such realty.

*Appeal from Lincoln Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*Charles Martin* for appellants.

(1) The legacy of $500 to Mrs. McQueen is merely pecuniary legacy and is not directed to be paid out of the proceeds of land nor is it to be paid by an heir to whom land has been devised. Real estate is never

charged with the payment of legacies while there is personal property remaining, unless such an intention with a direction to exempt the personalty is given. *Cooch v. Cooch*, 1 Am. St. Rep. 161; *Brill v. Wright.* 112 N. Y. 129; *Knotts v. Bailey*, 28 Am. Rep. 348. The personal estate is the primary fund for the payment of legacies, and the only fund, unless the contrary appears from the will. *Kelsey v. Westom*, 2 N. Y. 500; *Hois v. Hoeson*, 1 N. Y. 120; *Bevan v. Cooper*, 72 N. Y. 317. (2) The executor, by necessary implication, is empowered to sell the one hundred acres of land on Big Bill's creek. The direction not to sell for less than $4,500, short of six years from the time of his death, implies a power to sell, after six years, without limit as to price, or within six years for $4,500. *Hollman v. Tiggers*, 7 Atl. Rep. 347. (3) The general scheme of the will contemplates the division of the personal estate in connection with the real estate and the executor is appointed "for all the purposes of executing and carrying out the provisions of this will." In other words, the testator makes his executor the medium through whom the shares of each heir should be obtained. *Reinders v. Koppelmann*, 68 Mo. 489, 490; *Turner v. Timberlake*, 53 Mo. 371; *Lindsay v. O'Reilly*, 15 Atl. Rep. 379; *Hollman v. Tiggers*, 7 Atl. Rep. 347; *Potter v. Adraince*, 14 Atl. Rep. 16; *Phelps v. Pond*, 23 N. Y. 69; 3 Redfield, Wills, p. 138, sec. 4; *Fisher v. Banta*, 66 N. Y. 468; *Lent v. Howard*, 89 N. Y. 169. (4) The administrator with the will annexed is vested with the same powers under our statute. R. S. 1889, sec. 136; *Delworth v. Rice*, 48 Mo. 124; *Evans v. Blackiston*, 66 Mo. 437; *Coil v. Pittman*, 46 Mo. 53. (5) If the will shows a purpose and intent on the part of the testator to have the executor of his estate to settle and distribute the estate to the heirs, thus implying a power of sale, the court can not substitute some other mode

of distribution, by partition or otherwise, for it would be in contravention to the terms and purpose of the will. R. S. 1889, sec. 7142; *Cubbage v. Franklin*, 62 Mo. 364. (6) The oral testimony offered by defendants showed very clearly that for years no very kindly feeling had existed between W. Lilly and Mrs. McQueen. Evidence of the condition and surroundings of the testator and his feeling toward the objects of his bounty may be shown in aid of the construction of his will. *Long v. Timms*, 107 Mo. 512; *Nichols v. Boswell*, 103 Mo. 151; *Reinders v. Koppleman*, 94 Mo. 338; *Noe v. Kern*, 93 Mo. 367; *Hall v. Stephens*, 65 Mo. 677; *Reinders v. Koppelmann*, 94 Mo. 343; *Small v. Field*, 102 Mo. 122; *Monroe v. Collins*, 95 Mo. 37; *Shumate v. Bailey*, 110 Mo. 415. (7) "The law prefers a construction of a will which will prevent a partial intestacy to one which will permit it." *Vernon v. Vernon*, 53 N. Y. 357. "In construing wills, courts should, if possible, avoid any construction which would result in partial intestacy." *Peckham v. Lego*, 14 Am. St. Rep. 130. "There is a presumption against the intention of a testator to leave a part of his estate intestate." *Warner v. Willard*, 54 Conn. 470; *Sailor v. Blaine*, 1 Am. St. Rep. 34.

*Norton & Avery* and *Silver & Brown* for respondents.

(1) *First*. The trial court did not err in ruling that the legacy of $500 specifically given by the will of Wm. Lilly to plaintiff Margaret McQueen was a special one and that it did not exclude her right to her proportionate share of the general estate of the testator. *Smith v. Swearingen*, 26 Mo. 551. *Second*. It is a familiar rule of construction that the entire will must be taken together and effect thereby be given to the intention of the testator; extrinsic evidence is not admissible

in aid of its construction, except in a case of latent ambiguity or to rebut a resulting trust (which is not this case); nor is parol evidence competent to contradict, enlarge, or vary the words of a will. *Bradley v. Bradley*, 26 Mo. 315; *Hockensmith v. Slusher*, 24 Mo. 242; *Goods v. Goods*, 22 Mo. 518. *Third.* The reasonable construction of the will on its face is that the testator, while giving the plaintiff the $500 bequest, did not intend to exclude her from her share in his general estate undisposed of by the will. There is no express language so excluding her, nor does such exclusion arise by necessary implication from the language used in the will. *Fourth.* The will states that he bequeathes to Alfred Lilly and Ellen Rayburn an equal interest in the estate "after all the above bequests" are respectively paid. So also the bequest of the homestead of one hundred acres to Thomas is expressed to be "as his entire interest" in the estate. This language would indicate that the testator did not have it in his mind to exclude plaintiff from her share of the general residue of the estate. *Fifth.* The testator did not dispose of all of his property by the express terms of the will as claimed by appellants. "And even where the actual purpose to devise everything is indicated it can not prevail in the absence of language to carry everything." *Farris v. Cook*, 78 Mo. 221. To deprive an heir of the share the law gives him in the case of intestacy, the testator must make a valid disposition of it to some other person; it is not sufficient, even, that the testator signify his intention that such heir shall not inherit any part of his estate. *Watson v. Watson*, 110 Mo. 170; (2) The court did not err in holding that the partition prayed for and granted was not in contravention of the will. The direction by the testator to his executor not to sell the land lying "on Big Bill's creek for less than $4,500," short of six years from the time of his death

was not a prohibition on an ordinary partition proceeding or sale thereby. *Sikemeier v. Galvin*, 27 S. W. Rep. 551. The will did not vest the land in the executor; it only provides that the executor (not the law by partition proceeding) should not sell for less that $4,500 within the designated time. (3) The exclusion of the evidence as to the value of decedent's land and personalty was proper. The will should be construed from its language and terms regardless of any question of the value of the estate devised or any part thereof. Such evidence was, therefore, irrelevant and improper. Besides, its exclusion was at most harmless error as its admission would not have affected the result of the trial. *Williams v. Mitchell*, 112 Mo. 301; *Brownell v. Barnard*, 116 Mo. 667; *Brandon v. Carter*, 119 Mo. 573.

MACFARLANE, J.—This is an action for the partition of the real estate of William Lilly, deceased, who died testate in Lincoln county, in December, 1888.

The matters in dispute arise over the construction of the will of the deceased, which is as follows:

"Know all men by these presents, that I, William Lilly, of the county of Lincoln and state of Missouri, of sound mind and memory, being desirous of disposing of the property that I may be possessed at the time of my death according to my will and pleasure, do make publish this my last will and testament:

"1st. I desire, after my death, that my body be buried by my son, George W. Lilly, in the same enclosure.

"2d. I will and bequeath to my wife, Elizabeth Lilly, all and every part of my lands, personal property of every kind and description that I may be owning at the time of my death, during the existence of her life or while she remain my widow.

"I will and bequeath to my daughter Lucy I. Holley's children the interest that she would have in my estate if living.

"I will and give my daughter Margaret McQueen five hundred dollars, to be paid her after my wife's death or my death.

"I will and bequeath to my son Thomas Lilly one hundred acres of land, being the same on which I now reside; this 100 acres of land with its improvements I intend as his entire interest in all of my estate.

"I will and bequeath to my son James Lilly's three children the interest in my estate that my son James would be entitled to if he was living.

"I will and bequeath to my son Joseph Lilly one thousand dollars, to be paid to him while I live; if not while I am living, to be paid to him by my wife in part of his entire interest in my estate.

"I will and bequeath to my son Alfred Lilly an equal interest in my estate after all the above bequests are fully paid off.

"I will and bequeath to my daughter Ellen Rayburn an equal interest in my estate after all the above bequests are fully paid to the respective parties as herein directed.

"I direct my executor hereinafter named not to sell my tract of land lying on Big Bill's Creek in Lincoln county for less money than four thousand, five hundred dollars, short of six years from the time of my death.

"I direct my executor to attend to the renting and the keeping of said farm in good repair; if he should rent said farm, the rents to become a part of my said estate.

"I do hereby appoint my son Thomas Lilly my executor for all the purposes of executing and carrying out the provisions of this will."

The widow of testator died in 1893, before the

commencement of this suit. All the children of the testator living, and the children of those of them who were dead, were mentioned in the will and are parties to this suit. It was stated in the petition and found by the court that there was in the hands of the executor, sufficient personal estate to pay "all debts and obligations" of deceased.

On the trial parol evidence was introduced by defendants which tended to show that for some years prior to the death of testator, and before making his will, he and his daughter Mrs. McQueen had not been on good terms. The court refused to admit evidence offered by defendants for the purpose of showing the value of the entire estate of deceased. Testator owned, at the time of making the will, and at his death, about one hundred and fifty acres of land not mentioned in the will.

Plaintiff claimed one undivided one sixth interest in all the land not devised to Thomas Lilly, in addition to the legacy given her by the will. The court so found her interest and decreed partition and sale of the land. Defendants appealed.

I. Counsel for defendants insist that Mrs. McQueen is only entitled to the special legacy of $500 given her under the will, and that she took neither by the will nor by inheritance an interest in the real estate.

We do not think the will can fairly be given the construction claimed for it. Taking the various devises and bequests together, while some want of clearness appears, we think there can be no doubt that the testator intended that his estate, real and personal, remaining after the payment of the special legacies, should be equally divided among his children and grandchildren *per stirpes*, except his son Thomas, to whom was devised a tract of land as his entire interest. The testator evidently intended the estate not disposed

of specifically to go to his heirs according to the law of descent in this state. It is declared that the children of deceased sons and daughters should have such interest in the estate as their parents would have been entitled to if living. His children who received no legacies are given an equal interest in the estate. The legacy of $1,000 given Joseph is to be paid him as part of his interest in the estate. No specific interest is directly given any of them, but the intention that they should have an interest appears either expressly or inferentially. *Watson v. Watson*, 110 Mo. 170.

It is true no mention is made in the will of any interest Mrs. McQueen should take in the estate other than the legacy of $500. But it is also true that in the clause of the will devising to Thomas one hundred acres of land it is expressly declared that this is intended "as his entire interest in all" of the estate. This shows clearly that the testator supposed that Thomas would also take an interest in the residue of the estate, unless the devise to him was thus limited. We may, therefore, fairly assume that if the testator intended that Mrs. McQueen should only receive the amount of the legacy he would have so declared.

Again, in another clause the testator gives to Joseph $1,000, but declares that this should be a part of his interest in the estate. This shows that the testator treated Joseph as entitled to an interest in the estate without expressly giving it to him. Testator also gives to other children an "equal interest" in all the estate, after special bequests are paid, and to his grandchildren the interest the parent would have if living. When an "equal interest" is given in what remains after "bequests" have all been paid, the intent must have been that all the children should share equally in the residue of the estate, unless expressly excluded.

What does the testator mean when he gives to the children of a deceased son the interest the son would have in the estate if living. He must mean the same interest the son if living would have inherited at the testator's death. Under the will the son would have taken no fixed interest except what was given him. The intent of the testator to make an equal division of the estate among his children and grandchildren, the latter taking *per stirpes*, seems as evident as though that disposition had been expressly written in the will.

We conclude, therefore, that the court correctly found the interest of plaintiff in the land.

II. We do not think there is such ambiguity in the language used, or such inconsistency between the various clauses of the will, as requires a resort to extrinsic evidence to explain the intent of the testator. But the evidence was admitted. It tended to prove that some time previous to the execution of the will the most intimate and confidential relations had not existed between the testator and his daughter Mrs. McQueen. This fact may have induced the testator to partially disinherit this daughter, but it does not justify the court in doing so by disregarding the intention of the testator as ascertained from the entire will and all its provisions. The admission of the evidence did not change the result on the trial, and as it was introduced by defendants they can not complain.

III. The statute provides that "no partition or sale of lands, tenements or hereditaments, devised by any last will, shall be made * * * contrary to the intention of the testator, expressed in any such will." R. S. 1889, sec. 7142.

Defendants insist that the judgment of partition in this case is in direct contravention of the expressed intention of the testator, and for that reason the judgment is unauthorized and contrary to law.

VOL. 131 mo—2

The testator in this will expresses no intention to deny the devisees the right to alienate their interests in the land either by deed or by partition. The real estate is not devised to the executor or to trustees with power of sale. The devisees, both children and grand children, take their respective interests without any restraint on the alienation thereof, either expressed or implied.

It may be that the language of the will by implication, confers upon the executor power to sell one tract of the land but it gives no direction to do so, even by implication. The devisees take their interests as free from restraints as they would have done had they taken by inheritance. Their interests were given directly to them and the devises carried with them all the incidents of ownership, among the most important of which is the right of alienation.

The objection of the judgment here made can not be sustained. *Reinders v. Koppelmann* 68 Mo. 482; *Sikemeier v. Galvin* 124 Mo. 367.

IV. It is also urged by counsel that the legacy given Mrs. McQueen should not be made a charge on the real estate devised.

We do not understand that the judgment in this case did so. Indeed the express finding of the court is is that the personal estate is sufficient to pay all the "debts and obligations" of deceased. The obligations must refer to the special legacies. The court further finds that the legacy of $1000 had been paid to Joseph Lilly, and other legatees had received portions of their distributive shares of the estate. The evidence shows that the personal estate still undistributed amounts to $1,500.

Undoubtedly the personal estate is the primary fund for the payment of legacies, unless from the will, it clearly appears that the testator intended otherwise.

*Bevan v. Cooper* 72 N. Y. 322.   No such contrary intention can be drawn from the terms of this will and consequently the legacy of Mrs. McQueen should be paid out of the personal estate.

But it distinctly appears from the will that the testator intended that the special legacies should be paid in any event.   Thus the bequest to his son, Alfred, is of an equal interest in the estate "after all the above bequests are fully paid" to the respective persons designated.   The bequests to his son Alfred and his daughter Ellen are made expressly subject to the legacy given Mrs. McQueen.

The residue of the real and personal estate is disposed of in the same terms as an "interest" or "share" in the estate.   The two estates are so blended together that it is apparent the testator did not intend to preserve either and charge the other with payment of legacies.   None of the real estate involved in this suit is specifically devised and if the personal estate should fail no reason can be seen why the legacy might not be paid out of this real estate.   Judgment affirmed.   All the judges of this division concur.