CASE 77—CONFLICT OF LIENS—JAN. 9.

# The C. H. Brown Banking Company v. Stockton.

APPEAL FROM CAMPBELL CIRCUIT COURT.

EQUITABLE CONVERSION.—A deed of trust to a trustee of real estate
to sell and divide the proceeds among the beneficiaries operated
as an equitable conversion of the realty into personalty and a
written assignment by one of the beneficiaries assented to by
the trustee vested the interest of such beneficiary in the as-
signee. And such an assignment would, therefore, take preced-
ence of a mortgage subsequently executed by the beneficiary of
his entire interest in the trust funds.

FOLLETT & KELLEY FOR APPELLANT.

The sole question in this appeal is whether Robt. H. Stockton
acquired a lien upon the real estate of Logan H. Taylor set
out and described in the petition, which was prior to the lien of
appellant under its mortgage. No case can be found having any
analogy to the case at bar sustaining an equitable lien upon real
estate. Such a lien can not be asserted to the prejudice of a
mortgagee with his mortgage of record. Ky. Stats. (Barbour &
Carroll), secs. 494, 496, 497; Ex parte Willis, 1 Ves. Jr., 162;
Flag v. Mann, &c., 2 Sumner, 486; Chadwick v. Clapp, 62 Ill.,
119; Peckham v. Haddock, 36 Ill., 38; Alexander v. Berry, 54
Miss., 422; Fitzhugh, &c., v. Smith, 62 Ill., 486; Norfolk v.
Cross, Selden's Notes (N. Y.), 111; Baldwin v. Crow, 86 Ky.,
679; Jones on Mortgages, sec. 167.

L. J. CRAWFORD AND UPTON M. YOUNG FOR APPELLEE.

1. The doctrine of equitable mortgage. Jones on Mortgages, sec.
167; Blackburn v. Fredie, 60 Mo., 505; Peckham v. Haddock,
26 Ill., 38; Chadwick v. Clapp, 69 Ill., 110; Flagg v. Mann, 2
Sumner, 486, 583; Black v. Gregg, 58 Mo., 565; Jones v. Brown-
ington, 58 Mo., 210; Dunn v. Raley, 58 Mo., 438; Harrington v,
Fostner, 58 Mo., 468; Ex parte Willis, 1 Ves. Jr., 162; Alex-
ander v. Berry, 54 Miss., 422; Northup v. Cross, Selden Notes,
111; Fitzhugh v. Smith, 62 Ill., 486; Baldwin v. Crow, 86 Ky.,
679.
2. Bona fide purchasers. 16 Am. & Eng. Ency. of Law, 827 and
cases cited; Jewett v. Palmer, 7 Johns. Ch. (N. Y.), 65; Bishop

v. Schneider, 46 Mo., 472; Halstead v. Bank of Kentucky, 4
J. J. Mar., 554; McGeorge v. Lytle, 7 Ky. Law Rep., 526; Wallace
v. Wilson, 30 Mo., 335; Frost v. Beckman, 1 Johns. Ch. (N. Y.),
288; Webster v. Van Steinburgh, 46 Barb.; (N. Y.), 211; Halsa
v. Halsa, 8 Mo., 303; Paul v. Fulton, 25 Mo., 156; Aubuchon v.
Brnder, 44 Mo., 560; Bishop v. Schneider, 46 Mo., 472; Denning
v. Smith, 3 Johns. Ch. (N. Y.), 345; Fulton v. Woodman, 54
Miss., 158; 16 Am. & Eng. Ency. of Law, 828; Black v. Long,
60 Mo., 181; 16 Am. & Eng. Ency. of Law, sec. 831; Cook v.
Fullis, 18 Wall., 332; 3 P. Wms. 244; Perry on Trustees, sec. 221.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

In November, 1889, there was executed and delivered
to appellee, Stockton, a writing as follows, viz.:

"Columbia, Mo., Nov. 27, 1889.    Mr. Samuel Bigstaff,
Trustee of Jas. Taylor Estate, Newport, Ky.—Sir:   Out
of the first money coming to your hands from the estate
of James Taylor, deceased, which is due to Logan H. Tay-
lor, the grandson of said James Taylor, deceased, or to
said Logan H. Taylor's mother, Elizabeth A. More (he
having deeded his portion of said estate to her), please
pay to Robert H. Stockton or order seven thousand dol-
lars, with interest from date hereof at the rate of six per
cent. per annum; said amount constituting the purchase
money for a farm in Boone county, Missouri, this day
deeded in fee simple by said Stockton and wife to Rose
M. Taylor, wife of said Logan H. Taylor.    Elizabeth More.
Logan H. Taylor."

The signatures were proven before a notary, and the
order was presented to Bigstaff, who wrote thereon this
acceptance:

"The within order is accepted, but only upon the condi-
tion that the amount therein named shall be payable, first,
out of the interest of the within-named Logan H. Taylor,
or the present owner of the same; and, secondly, that the
same shall become due and payable to the holder of the

said order only in the regular course of the trust therein referred to, and when. but for said order the present owner of said interest of Logan H. Taylor would be entitled, in law, to demand and receive said amount from the undersigned in his capacity as trustee of the estate of Col. James Taylor. Witness my hand this 10th day of December, 1889. Samuel Bigstaff, Trustee Taylor Estate."

In January, 1893, Logan H. Taylor executed to one Banks a mortgage conveying "all the rights, title and interest, both in law and equity, to all property, real, personal and mixed, moneys and effects, which he [Taylor] may own, or may hereafter become entitled to, situate or being in the States of Ohio and Kentucky, and especially all property, of whatever kind or character, moneys or effects, to which he may have a present title, or which may come to him by virtue of an heirship, or as legatee or distributee of the estate of Col. Jas. Taylor and Berry Taylor, both deceased, and both of Newport, Campbell county, Ky., and his interest as a beneficiary in a deed of trust from Col. Jas. Taylor to Wm. H. Lape, bearing date the 29th day of May, 1882, said trust having been accepted by said Wm. H. Lape on the 5th day of July, 1882."

The question arising on this appeal is as to priority between these two liens on said property in the hands of the trustee.

The deed of trust of Col. James Taylor is not a part of the record, but it is alleged in the petition of appellee that the estate was deeded to the trustee to sell and divide the proceeds among the beneficiaries. This is not denied.

The circuit court, on trial, adjudged that the interest of Logan H. Taylor in the estate of Col. James Taylor was personalty, the real estate conveyed in trust being

converted to personalty, and that the payment to the distributees was to be in money, and not to be a conveyance in land. The court, therefore, gave appellee a prior lien to that of appellant under the mortgage.

From that judgment this appeal is prosecuted.

It is insisted by counsel for appellant that in the case of Taylor's Trustees v. Albert (decided by this court Nov., 1893), 15 Ky. L. R., 515, [23 S. W., 962], it was held that the property conveyed under the deed of trust was realty, and passed in kind to the distributees, subject to the power of the trustee to sell and convey any part necessary to settle the advancement account and his accounts, as trustee. That action was by certain devisees or distributees for a settlement of the trust as it had then existed for about ten years. This position was upheld, and a settlement ordered, but the court said:

"The substance of the judgment should be to permit those of the heirs who desire it to take the land instead of the money, and, as to the remainder interest created by the grant, there is no reason why they should not take this land instead of directing a sale, and investing in other lands."

This clearly means that each of the heirs was entitled to his share in money, but that such as desired might be given their share in land.

We are of opinion that the interest of Logan H. Taylor was personalty, and as such passed under the assignment to appellee, Stockton. This doctrine has long been settled in this State, where a trustee has been appointed, empowered and directed to sell the estate and divide the proceeds, and the property or the interest of the distributee has been held to be personalty by the equitable conversion. Arnold's Ex'rs v. Arnold's Adm'rs, 11 B. Mon.,

88; Rawlings v. Landes, 2 Bush, 158; Smith v. Smith, 6 Ky. Law Rep., 217, and Duff's Ex'r v. Duff (Ky.; this day decided, opinion by Hazelrigg, C. J.,) [54 S. W., 711].

The assignment having been brought to the notice of the trustee, and accepted by him, the lien of appellee, Stockton, is superior to that created by the mortgage of appellant.

The judgment is therefore affirmed.