GILL, Internal Revenue Collector, v. BARTLETT.

(Circuit Court of Appeals, First Circuit. June 18, 1915.)

No. 1113.

1. INTERNAL REVENUE ⬤⟹1—STATUTES—CONSTRUCTION.

The imposition by the government of a tax is a burden on private interests laid on private property, and where the question is whether given property is subject to a tax the statute must clearly cover the property.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 4, 5; Dec. Dig. ⬤⟹4.]

2. INTERNAL REVENUE ⬤⟹8—LEGACIES—WAR REVENUE TAX—SHARES IN REAL AND PERSONAL ESTATE TRUSTS.

War Revenue Act June 13, 1898, c. 448, § 29, 30 Stat. 464, providing that any person having any trust as administrator, executor, or trustee in legacies or distributive shares arising from personal property shall be subject to a tax, does not authorize a tax on the face of legacies or certificates of shares held in trust, but authorizes a tax thereon when arising from personal property only, and where property covered by legacies representing personal and real property, the tax may be imposed only so far as the legacies represent personal property.

[Ed. Note—For other cases, see Internal Revenue, Cent. Dig. §§ 11; 12; Dec. Dig. ⬤⟹8.

Internal revenue tax on legacies, inheritance, and transfers, see note to Ward v. Sage, 108 C. C. A. 417.]

In Error to the District Court of the United States for the District of Massachusetts; Geo. H. Bingham, Judge.

Action by Schuyler S. Bartlett, executor, against James D. Gill, Collector of Internal Revenue. There was a judgment for plaintiff (221 Fed. 476), and defendant brings error. Affirmed.

James S. Allen, Jr., of Boston, Mass. (George W. Anderson, U. S. Atty., of Boston, Mass., on the brief), for plaintiff in error.

Burton E. Eames, of Boston, Mass. (Tyler, Corneau & Eames, of Boston, Mass., on the brief), for defendant in error.

Before PUTNAM and DODGE, Circuit Judges, and ALDRICH, District Judge.

ALDRICH, District Judge. The question to be considered here, under section 29 of the War Revenue Act of 1898, is one of first instance, and it seems to us that the question is plainly one to be determined upon an interpretation of the statute itself, and that the decision below was sufficiently favorable to the government.

[1, 2] It is apparent that Congress in this statute disclosed no purpose to arbitrarily lay a tax upon distributive shares or legacies as

-specific properties, without regard to whether they are based upon real estate, or upon mixed real and personal properties. It is also apparent that Congress did not intend to make the validity of the tax in a given situation depend upon interpartnership or interassociate trust relationships in respect to distributive shares and legacies, irrespective of the origin and character of the property covered by such evidences of title.

The provision of the statute in question does not assume to authorize the laying of a tax upon the face of legacies or certificates of shares held in trust. It cuts under legacies and shares, and authorizes the imposition of a tax upon such only as arise from personal property. It would be a forced and unwarrantable construction of a statute, which fundamentally directs its authority to tax evidences of title which arise from personal property, to make it so read as to include such part of a legacy or share as is in fact based upon real estate.

The statute bases the tax upon the character of the property and the origin of the legacy or share. Therefore the cases cited from various jurisdictions which involve questions as to what property under given partnership relations is answerable for partnership debts, and cases involving questions as to what constitutes a technical conversion of land, held in trust, into personal estate, have very little, if any, bearing, even by way of analogy, upon the question presented in the case at hand.

The imposition of a tax imposed by a government is a burden upon private interests laid upon private property under the necessary exercise of an arbitrary power, and because of the character of the power exercised, the rule is universal that, when the question arises whether given property should be held subject to the burden, the taxing power must make it clear that the statute was intended to cover the property in question.

There is nothing in the statute which shows that Congress had any idea that the tax was to be justified under technical rules of conversion in respect to trusts and wills, or upon inter partes relationships and dealings in respect to partnership interests and trust associations. It seems clear that Congress, in exercising the power to impose the tax in question, did not have in mind any such contingencies and uncertainties.

If the words of the statute were general, that "any person or persons having in charge or trust as administrators, executors or trustees, any legacies or distributive shares shall be * * * subject to a duty or tax to be paid to the United States," the situation would be quite different from the one with which we are confronted. In such a case it is probable that a tax upon shares or legacies would be sustained without any question as to the character of the property, but clearly that is not the case here. This is so because the statute expressly limits the tax to "legacies or distributive shares arising from personal property," thus in terms excluding the idea that there was any intention to touch, through this statute, legacies or distributive shares based upon land.

Through expressly basing the tax upon the origin and character of the property from which legacies and distributive shares arise, the statute puts out of consideration all questions as to how the legacies or shares may have been treated after they came into existence. This intention is so obvious that there seems to be no occasion for suggesting possible reasons for limiting the tax upon legacies and shares to such as arise from personal property. But among the possible reasons may have been the idea that the situs of personal property is in a sense transitory, and therefore not always reached by the taxing powers of the local governments, while the situs of real estate is fixed and open, with no reasonable probability that it will not be subjected to the burden of local taxation. Indeed, it is conceded in this case that all real property interests represented by the legacies in question have been taxed under the Massachusetts law.

The properties covered by the legacies in question represent both landed properties and personal properties, and the learned Circuit Judge presiding in the District Court construed the statute as justifying the tax in question upon such portions of the legacies only as were based upon personal property, and held the tax invalid, so far as the legacies represented real estate, upon the ground that the statute only authorized a tax upon legacies and distributive shares arising from personal property. This construction of the statute was followed by a discussion of the character of the properties and the relationships of the parties and the trust associations, and it was found, under an elaborate discussion in respect to the character of the holdings and the relationships of the parties, that the situation was such that the properties under the various trusts were susceptible of separation, and that the fact might be established as to what proportion of the legacies arose from personal property and what from real property, and the parties were given an opportunity, by agreement, to segregate the personal from the real; and upon their failure to do so it was suggested that the question of segregation would be referred to a master. The parties, acting under this suggestion, agreed upon the amount of real estate, and the amount of personal estate, covered by the legacies in question. A judgment was entered for so much of the tax as was not based upon legacies arising from personal property.

The judgment is affirmed, with costs of this court.

PUTNAM, Circuit Judge. I concur. I think Congress desired to avoid any question of constitutionality which might be raised by reason of the decisions of the Supreme Court with reference to assessing taxes on real estate, or the fruits thereof, and was not very particular in the choice of the language necessary to accomplish that purpose.