J. George Ganahl, Appellant, v. Alphonse E. Ganahl and Alphonse E. Ganahl, Administrator of Estate of Fidel Ganahl. —19 S. W. (2) 898.

Division Two, August 6, 1929.

622

W. W. *Henderson* and *J. H. Allen, Jr.,* for appellant.

624

*Alphonse E. Ganahl, Pro Se; Gillespie & Dempsey* of counsel.

DAVIS, C.—This is an action for partition of real estate. The construction of the will of Fidel Ganahl is involved, and plaintiff's right to partition depends upon a construction favorable to him. A demurrer, averring that the amended petition failed to state facts sufficient to constitute a cause of action, was filed. The trial court sustained it. Thereupon plaintiff refused to plead further, the trial court entered judgment in favor of defendants, and plaintiff appealed.

It is necessary to set forth the petition. Omitting caption and signatures it reads:

"Plaintiff, for cause of action, states that he is a resident of St. Louis County, Missouri.

"That the defendant Alphonse E. Ganahl is a resident of the city of St. Louis, State of Missouri.

"Plaintiff further states that plaintiff and defendant and Emma C. Ganahl, Sr. M. Xaveria (*nee* Corinne L. Ganahl), Beatrice H. McDonald (*nee* Beatrice H. Ganahl) and Fidelia Fleming (*nee* Fidelia Ganahl) are brothers and sisters and all are children of Fidel Ganahl, who died in California and lived there prior to his death, and whose estate is now being administered upon by Alphonse E. Ganahl, as executor, in said County of Riverside and State of California, and that said Alphonse E. Ganahl is also administering upon the estate of the deceased in Missouri, under and by virture of an appointment and the grant of letters testamentary, in the Probate Court, City of St. Louis, Missouri;

"That this said estate has been in the course of administration in said St. Louis, Missouri, since the 4th day of October, 1921, and that all of the debts of said deceased in Missouri have been paid, and that there is more than sufficient property in California, the former domicile of the deceased, to pay all debts and legacies;

"That the will of said Fidel Ganahl, deceased, has been duly filed and admitted to probate in the County of Riverside, State of California, being filed on the 6th day of July, and letters testamentary issued thereunder on the 18th day of July, 1921, and an authenticated copy thereof filed in the Probate Court, City of St. Louis, Missouri, which is in words and figures as follows:

" 'WILL.

" 'In the name of God, amen:

" 'I, Fidel Ganahl, a widower, of Corona, Riverside County, California, being of the age of 71 years, do make, publish and declare this my last will and testament, hereby revoking all former wills by me at any time made.

" 'First. I direct that all my just debts be paid promptly.

" 'Second. I release and discharge my son, Emil C. Ganahl, from his debt to me or to my estate for all loans heretofore made by me to him, and for all other sums heretofore paid out by me as endorser of his notes, or in settlement of his business obligations.

" 'Third. I give and bequeath to my daughter, Emma C. Ganahl, the sum of three thousand dollars ($3,000).

" 'Fourth. I give and bequeath to my son, Emil C. Ganahl, the sum of two thousand dollars ($2,000).

" 'Fifth. I give, bequeath and devise all of the rest, residue and remainder of my property of every kind and nature whatsoever and wheresoever situated to the following named persons, in the following described proportions, to-wit:

" 'One-fifth thereof to my daughter, Emma C. Ganahl;

" 'Another one-fifth thereof to my daughter, Corinne L. Ganahl (now Sr. M. Xaveria);

" 'Another one-fifth thereof to my daughter, Beatrice H. Ganahl; and

" 'Another one-fifth thereof to my daughter, Fidelia Ganahl Fleming;

" 'One-tenth thereof to my son, J. George Ganahl;

" 'And the remaining one-tenth thereof to my son, Alphonse E. Ganahl.

" 'Sixth. I hereby nominate and appoint my son, Alphonse E. Ganahl, the executor of this, my last will and testament, and request that he shall not be required to give any bond for the faithful performance of his duties as such executor; and it is my desire that my said son Alphonse E. Ganahl shall accept and retain such compensation as may be allowed by law for his services as executor of my estate. And I hereby authorize my said executor to sell, lease or otherwise dispose of all or any part of my said estate without the order of any court at either public or private sale, with or without

notice, and upon such terms as my said executor shall deem best. It is my desire that my said executor shall be allowed such time, not exceeding five (5) years in all, as he may, in his judgment, deem to be to the best interests of my estate, within which to administer upon my estate and to make distribution thereof.

" 'In Witness Whereof, I have hereunto signed my name and affixed my seal at Los Angeles, California, on this 31st day of January, 1921.

" '(Seal)                                                FIDEL GANAHL.

" 'The foregoing instrument, consisting of two (2) typewritten pages including this page, was at the date hereof by said Fidel Ganahl signed, sealed, published as and declared to be his last will and testament, in the presence of us, who at his request and in his presence and in the presence of each other, have subscribed our names as witnesses hereto.

" 'S. F. MACFARLANE,
residing at Los Angeles, California;
" 'CLAIR S. TAPPAAN,
residing at Los Angeles, California;
" 'ROLAND H. MULFORD,
residing at Long Beach, California.'

"That Sr. M. Xaveria (*nee* Corinne L. Ganahl) and Emma C. Fischer (*nee* Emma C. Ganahl), Beatrice H. McDonald (*nee* Beatrice Ganahl) and Fidelia Fleming (*nee* Fidelia Ganahl) have conveyed by deed, which deed has been duly recorded in the city of St. Louis, Missouri, to your petitioner, J. George Ganahl, all of their right, title and interest in all of the real estate, and other estate, left to them by their deceased father, Fidel Ganahl;

"That each of the above-named last parties inherited under the terms of the will of their deceased father a one-fifth interest in said real estate located both in California and in the city of St. Louis, Missouri;

"That your petitioner, under the terms of said will inherited a one-tenth interest in said real estate;

"That defendant Alphonse E. Ganahl inherited and now owns one-tenth interest in said real estate;

"That by virtue of the conveyance to your petitioner of the interest of Sr. M. Xaveria (*nee* Corinne L. Ganahl), Emma C. Fischer (*nee* Emma C. Ganahl), Beatrice H. McDonald (*nee* Beatrice Ganahl) and Fidelia Fleming (*nee* Fidelia Ganahl) and by virtue of your petitioner's inheritance from the estate of his deceased father Fidel Ganahl of one-tenth interest therein, he is now the owner of nine-tenths interest in the hereinafter described real estate, and the defendant Alphonse E. Ganahl is the owner of one-tenth

interest in said described real estate, lying and being in the city of St. Louis, State of Missouri, to-wit: [A description of the real estate, consisting of sixteen lots, more or less, is omitted, as it is not necessary in the consideration of any issue discussed and presented.]

"Plaintiff further states that the above-described real estate, owing to its character, is more valuable and could be sold for a greater sum of money than if it was divided in kind, and said real estate cannot be partitioned in kind without great prejudice to the owners thereof.

"Wherefore, the premises considered, plaintiff prays judgment in partition, and that the same may be ordered sold at public sale, and the court appoint a commissioner to sell the same; that the proceeds of the sale thereof, when made, be divided between plaintiff and defendant, according to their respective interests herein; and for such other and further orders in the premises as to the court may seem meet and proper."

Annexed to the petition is a legal and competent affidavit of plaintiff, which shows that it was subscribed and sworn to by him on July 20, 1926, before a notary public.

I. Whether real estate is charged with pecuniary legacies is a matter of the testator's intention. The will fails to advise us as to the kind or extent of his property, other than he gives and bequeaths pecuniary legacies to two of his children, and  gives, bequeaths and devises the rest, residue and remainder of his property of every kind and nature whatsoever and wheresoever situated, in described proportions, to certain named children. From the partition petition involved, the demurrer admits that testator owned at his death real property situated in the city of St. Louis as described. The petition herein does not develop the kind or extent of property the testator owned in the State of California, his domicile, or elsewhere than in Missouri. The petition goes no further than stating "and that there is more than sufficient property in California, the former domicile of the deceased, to pay all debts and legacies." If there was not sufficient personal property in the estate to pay debts and legacies, then both debts and legacies became a charge upon and payable out of the real estate devised by the residuary clause of the will, as we show.

The previous question involves the construction of a will, and all rules of construction are designed to ascertain and give effect to the intention of the testator.

The common use of the phrase "charge upon realty" expresses the idea that the realty may, on deficiency of the personalty, be sold and the proceeds used to satisfy the legacies. It is the well-settled rule

that, where a will, after bequeathing pecuniary legacies, gives, bequeaths and devises the rest, residue and remainder of the estate, the legacies are a charge on and are payable out of the residuary real estate, in case of a deficiency of the personalty, and must be paid out of the realty otherwise passing under the residuary clause of the will. [42 A. L. R. 656; McQueen v. Lilly, 131 Mo. 9, 31 S. W. 1043.] A similar rule is effective with respect to the debts of the testator. [O'Day v. O'Day, 193 Mo. 62, 91 S. W. 921, 4 L. R. A. (N. S.) 922.] Thus, personal property is the primary fund for the payment of pecuniary legacies, but, where that is insufficient and it is apparent that the will, as herein, manifests the intention of the testator that debts, legacies and the costs of administration shall be paid out of the estate, it is implied that the residuary devisees and legatees take after payment of the pecuniary legacies. [Rinehart v. Rinehart, 98 W. Va. 93, 126 S. E. 402, 42 A. L. R. 649.]

II.   Having ruled that the pecuniary legacies are a charge upon the residuary estate, first on the personalty, and if that be insufficient, then on the realty, we next consider whether the will, supplemented by the surrounding facts and circumstances, as shown by plaintiff's petition, develops an equitable conversion of the real estate, described in the petition, into personalty.

The equitable conversion of realty into personalty depends upon the intent of the testator as developed by the will, and to that end the whole instrument must be considered. [Griffith v. Witten, 252 Mo. 627, 161 S. W. 708; 13 C. J. 860, 861.] In order to effect an equitable conversion of real estate into personalty by will, there must be either (1) a positive direction to sell; or (2) an absolute necessity to sell in order to execute the will; or (3) such a blending of real and personal estate by the testator in his will as to manifest his intention, expressly or plainly implied, to create from blended realty and personalty a fund for the purpose of distribution. [Llewellyn v. Llewellyn, 122 Mo. App. 467, 99 S. W. 809; 2 Story's Eq. Jur. (14 Ed.) sec. 1091; Marr's Estate, 240 Pa. St. 38; 13 C. J. 862, 863.]

In Llewellyn v. Llewellyn, supra, l. c. 473-4, GOODE, J., states that an equitable conversion occurs, "when there is a positive direction to the executor to sell the real property, or a necessity to sell in order to distribute legacies given in the will or comply with its other terms, or when there is such a blending of the real and personal estate by the terms of the will, as to show that the testator in-

tended to create a common fund out of both species of property and bequeath it or its income as money."

A reading of the will demonstrates that it does not contain an express direction to sell either the realty or the personalty. The authority given the executor to sell on the face of the will is a discretionary power. He may execute it or refuse to execute it at his pleasure, unless the surrounding facts and circumstances develop an absolute necessity to sell in order to execute the will. Nor do we think that there is such a blending of real and personal estate by the testator in his will as to manifest his intention, expressly or plainly implied, to create from blended realty and personalty a fund for the purpose of distribution. While the will gives, bequeaths and devises the rest, residue and remainder of his estate in described proportions to named children, it does not contemplate the creation of a fund of money to be distributed as such. The devolution of property in described proportions cannot be said to create a fund out of which the beneficiaries only are to be paid. It was the intention of the testator, we think, to give, bequeath and devise his property in the form in which he left it, subject to the necessity to sell to pay debts and legacies.

III. Many cases support the doctrine that equitable conversion obtains where the necessity to sell exists in order to carry out the provisions of the will. [13 C. J. 862, and cases cited.] Pursuant to  the postulate, it has been held that equitable conversion results where the will develops a necessity to sell real estate in order to distribute pecuniary legacies, which are charged upon the real estate. [Greenman v. McVey, 126 Minn. 21, 147 N. W. 812, Ann. Cas. 1915D, 430; Stake v. Mobley, 102 Md. 408, 62 Atl. 963; Duffield v. Pike, 71 Conn. 521, 42 Atl. 641; Stalder v. Stalder, 105 Neb. 367, 180 N. W. 566.] Such necessity to sell is merely declarative of the testator's intention, which alone governs. However, an equitable conversion of realty into personalty in order to pay pecuniary legacies cannot be presumed. Extraneous evidence was necessary to establish conversion. The conversion was dependent upon the fact that the testator, after the payment of his debts, failed to own and leave sufficient personalty to pay the legacies given in his will. As the petition herein did not allege that fact, it could be developed only by extraneous evidence, and the burden was on defendant to develop the absence of personalty by pleadings and proof. In other words, as the face of the will does not develop a conversion of realty into personalty, defendant was cast with the burden of showing, by extraneous evidence, a conversion of the realty to pay legacies. Con-

sequently the trial court erred in sustaining a demurrer to the petition.

IV. It is evident, under our decisions, that a reconversion does not occur unless the election to reconvert embraces the interests of all the owners. [Turner v. Hine, 297 Mo. 153, 248 S. W. 933.] Therefore, as defendant did not elect to reconvert, a reconversion was not effected.

V. An equitable conversion takes effect at the death of the testator. [Greenman v. McVey, 126 Minn. 21, 147 N. W. 812, Ann. Cas. 1915D, 430; 13 C. J. 869, 870, 871; Griffith v. Witten, 252 Mo. 627, 161 S. W. 708; DeLashmutt v. Teetor, 261 Mo. 412, 169 S. W. 34.] The extent of an equitable conversion depends upon the intention of the testator. It seems to be well settled, unless a contrary intention distinctly appears, that equitable conversion is effectuated only for the purposes for which, and to the extent to which, it is authorized by the terms of the will. [13 C. J. 871.] Thus, where it is necessary to sell real estate to pay legacies, and it is not the intention of the testator to convert completely, the conversion is for the particular purposes of the will and for the benefit of the pecuniary legatees, and the fund produced by the sale is regarded as personalty only for the payment of legacies. [James v. Hanks, 202 Ill. 114, 66 N. E. 1034; McHugh v. McCole, 97 Wis. 166, 72 N. W. 631, 65 Am. St. 106, 40 L. R. A. 724.] It is said in Harrington v. Pier, 105 Wis. 485, 82 N. W. 345, 50 L. R. A. 307, 76 Am. St. 924, that the application of the doctrine of equitable conversion of realty into personalty ends where the absence of necessity for it begins. Thus, if it should be found upon a trial that the personalty left by the testator was not sufficient to pay debts and legacies, then an equitable conversion of the realty into personalty pro tanto was by necessity effectuated. All realty left by the testator was available for that purpose, until the executor had sold sufficient realty to execute the provisions of the will. If the personalty was not sufficient to pay debts and legacies, when the executor has sold sufficient realty for that purpose, the right and power in him to convert the remainder of the realty ends, provided the discretionary power to sell, given in the will, terminated.

VI. Plaintiff maintains that, under the terms of the will, the discretionary power given in the will to sell limited the executor to a period of five years to exercise the power to sell the realty, and that,

632

on his failure to exercise it within that time, the powers ceased to exist. We think it was the intention of the testator to limit the discretionary power of the executor to sell to a period of five years from the granting of letters. The limitation of five years to exercise the general power to sell is demonstrated by the clause in the will, wherein the testator desires that the executor shall be allowed such time, not exceeding five years in all, within which to administer upon his estate and make distribution thereof. This clause, we think, directly referred to the domiciliary administration in California. Thus, the five years began to run from the date of the domiciliary letters, for the testator intended that the estate should be finally distributed within that period.

However, if the personalty was insufficient to pay debts and legacies in that order, and it was necessary to sell the realty in order to pay such, then the non-action of the executor cannot be permitted to defeat the provisions of the will and the intention of the testator. [Grove v. Willard, 280 Ill. 247, 117 N. E. 489.] If the pecuniary legacies are shown to be a charge upon the realty, then it is the duty of the executor to sell such portion of the realty as is required for that purpose, and the power does not cease to exist until that purpose is accomplished. If an executor, when a conversion is effected, fails to sell the property converted, it is within the power of the courts to order him to sell to accomplish the purposes of the will. [In re McElevey, 305 Mo. 244, 266 S. W. 123; Bayley v. Sloper (Mass.), 160 N. E. 275; Grove v. Willard, 280 Ill. 247, 117 N. E. 489; 31 A. L. R. 1395.]

As the face of the will failed to establish an equitable conversion, it required the proper pleading and extraneous evidence to develop that fact, as well as any other affirmative defense defendant might have, and the burden was on him to that end. It follows from what we have said that the judgment must be reversed and the cause remanded. It is so ordered. *Henwood* and *Cooley, CC.,* concur.

PER CURIAM:—The foregoing opinion by Davis, C., is adopted as the opinion of the court. All of the judges concur.