## TAIT, Collector of Internal Revenue, v. DANTE.*

### No. 3763.

Circuit Court of Appeals, Fourth Circuit.
June 3, 1935.

L. W. Post, Sp. Asst. to the Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., Sewall Key, Sp. Asst. to the Atty Gen., and Bernard J. Flynn, U. S. Atty., of Baltimore, Md., on the brief), for appellant.

James C. Rogers, of Washington, D. C. (Alexander C. Robeson, of Washington, D. C., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

*Writ of certiorari denied 56 S. Ct. 134, 80 L. Ed. ——

NORTHCOTT, Circuit Judge.

This is an appeal from a judgment of the District Court of the United States for the District of Maryland, at Baltimore, in favor of appellee, plaintiff below (herein referred to as plaintiff), against appellant, defendant below (herein referred to as defendant), in the amount of $36,302.85. When the cause came on for trial, by agreement of counsel, it was submitted to the judge, sitting without a jury. The judge found for the plaintiff and entered judgment from which action this appeal was brought.

Lee Hutchins, herein referred to as "decedent," died testate on November 5, 1924, and at the time of his death was a resident of the District of Columbia. The plaintiff is the surviving executor under his will. The decedent's father, Stilson Hutchins, upon his death in the year 1912, left by will, among other properties, certain parcels of real estate located in the District of Columbia and in the state of Missouri. The will of Stilson Hutchins was contested, and litigation extending over a period of twelve years followed. All controversies regarding the estate of Stilson Hutchins were finally settled among the claimants by the execution of an agreement in the year 1924, and pursuant to this agreement the decedent acquired an undivided one-fourth interest in the real estate left by Stilson Hutchins. After the execution of the agreement of 1924, decedent, Lee Hutchins, and the other parties to said agreement, executed a deed of conveyance whereby their undivided interest in the real estate situated in the District of Columbia and in the state of Missouri was conveyed to three trustees upon the conditions of the trust set forth in the deed of conveyance. The deed creating the trust, after describing the properties conveyed, contained, among others, the following provisions: "7. The said trustees shall proceed, with all reasonable speed, consistent with prudent management and avoidance of loss, to sell all of said real estate and to distribute the net proceeds of such sales to and among the said Rose Keeling Hutchins, Mildred Rogers Penn, Walter S. Hutchins and Lee Hutchins, their respective heirs, assigns, and devisees, in equal one-fourth parts, and in the exercise of such power of sale, the trustees may, with the consent, in writing, of all the above-named four beneficiaries, sell and convey to any one of them, any part of said real estate, at the valuation agreed upon by said parties, without payment therefor, charging such value against the one-fourth distributive share of the grantee thereof, in the whole of said real estate."

The deed also authorized the trustees to lease, to mortgage, to pay taxes and insurance, to make repairs, and to operate and preserve the properties; and directed the trustees to distribute quarterly the net income.

There were three trustees, one of whom was selected by one beneficiary, another by a second beneficiary, and the third by decedent and the other beneficiary acting together. Under the deed of trust, the beneficiary or beneficiaries who appointed a trustee had the right to fill a vacancy in the office of that particular trustee as well as the right to remove such trustee and appoint a new one. All of the acts of trustees required for their validity the concurrence therein by all of the trustees. The compensation of each trustee was required to be paid by the beneficiary or beneficiaries whom he represented, and not out of the trust estate.

When the decedent died, the trustees still held unsold a considerable part of the real estate covered by the trust, and the decedent's interest in said property was included in the federal estate tax return filed on behalf of the decedent's estate as a part of the gross estate upon which tax should be paid, and the tax was paid. Subsequently, the executors of the decedent filed a claim for a refund of that part of the tax based upon the inclusion of the decedent's interest under the deed of trust, claiming that said interest was real estate and not subject to the tax. This claim was rejected by the collector of internal revenue, and thereafter this suit was brought.

Two questions are involved: (1) Was the interest of decedent, Lee Hutchins, in the property under the trust real estate or personal property? (2) If the interest held by decedent was real estate, was that portion of it situated in the District of Columbia subject to a federal estate tax, it being conceded that real estate situate in the state of Missouri was not so subject? The pertinent statutes involved are:

Revenue Act of 1924, c. 234, 43 Stat. 253:

"Sec. 302. The value of the gross estate of the decedent shall be determined by

including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

"(a) To the extent of the interest therein of the decedent at the time of his death which after his death is subject to the payment of the charges against his estate and the expenses of its administration and is subject to distribution as part of his estate."

U. S. C., title 26, § 1094 (26 USCA § 1094 note).

The Treasury regulations promulgated under the Revenue Act of 1924 provide as follows:

"Art. 10. Character of interests included.—It is designed by the foregoing provision of the statute that there shall be included in the gross estate the value of all property of the decedent whether real or personal, tangible or intangible, the beneficial ownership of which was in the decedent in his lifetime, and which, upon his death, formed his estate.

"The test which determines whether the value of a given interest is to be so included, pursuant to the foregoing provisions of the statute, is that stated therein which requires that the property, after death, shall be subject to: (1) Payment of the charges against the estate; (2) payment of the expenses of administration; and (3) distribution as a part of the estate."

The pertinent law for the District of Columbia is found in section 239, title 29, Code of Law for the District of Columbia 1929, and is as follows: "239. Sale of real estate to satisfy debts and legacies.—If the said probate court shall be satisfied, upon a report of the auditor, that it is necessary to sell said real estate, or part thereof, it shall authorize the same, or so much thereof as may be necessary for the payment of the debts or legacies, or both, to be sold by the executor or administrator, on such terms as the court may direct. Any surplus of the proceeds of such sale, after payment of debts and legacies and costs of administration, shall be deemed real estate, and shall be distributed among the heirs or devisees as the right may appear. (Mar. 3, 1901, 31 Stat. 1214, c. 854, sec. 148.)"

If the interest held by decedent, at the time of his death, in the property covered by the trust conveyance was real estate and situate in a jurisdiction where real estate is not subject to the expenses of the administration of decedent's estate, it was not taxable. If the interest held was personal property, it was taxable, wherever situated. In considering the question as to the character of the interest held by decedent in the trust estate, we have first to consider the terms of the instrument creating the trust. The authorities seem uniformly in accord in holding that it is essential that where real estate is treated as having been, by the application of the doctrine of equitable conversion, converted into personal property, the conveyance setting up the trust must contain a clear and imperative direction for conversion. There must be an expression in some form of an absolute intention that the land shall be sold and turned into money, and nothing must be left to the option, discretion, or choice of the trustees or those placed in control of the trust. 6 R. C. L. 1065; 13 C. J. 852.

The doctrine of equitable conversion is generally applicable when land is directed by a will, or other instrument, to be converted into money for a particular purpose. 6 R. C. L. 1074. To change the character of the property from realty to personalty the direction to convert must be positive and explicit, and the grantor in the instrument setting up the trust must retain no control over the trustees as to what disposition shall be made of the property. 6 R. C. L. 1075; 13 C. J. 857. "When the property passes by force of contract, it is generally held in the United States that the conversion operates from the execution of the contract." 6 R. C. L. 1088; see, also, 13 C. J. 857.[1]

[1] For decisions discussing this question and establishing these principles see the following: Given v. Hilton, 95 U. S. 591, 24 L. Ed. 458; West Virginia Pulp & Paper Co. v. Miller (C. C. A.) 176 F. 284; Williams v. Williams (C. C. A.) 61 F.(2d) 257, certiorari denied 288 U. S. 612, 53 S. Ct. 404, 77 L. Ed. 986; Bartlett v. Gill (D. C.) 221 F. 476, 482, affirmed in (C. C. A.) 224 F. 927; State of West Virginia v. American Baptist Home Mission Society, 96 W. Va. 447, 123 S. E. 440, 37 A. L. R. 200; C. H. Brown Banking Co. v. Stockton, 107 Ky. 492, 54 S. W. 854; Christopher v. Mungen, 61 Fla. 513, 55 So. 273; Collins v. Combs, 160 Ky. 325, 169 S. W. 721; Darrow v. Calkins, 154 N. Y. 503; Weed v. Hoge, 85 Conn. 490, 83 A. 636, Ann. Cas. 1913C, 542; Smith v. Smith, 174 Ill. 52, 50 N. E. 1083, 43 L. R. A. 403; Greenland v. Waddell, 116 N. Y. 234, 22 N. E. 367, 15 Am. St. Rep.

In the case of Anderson v. Wilson, 289 U. S. 20, 53 S. Ct. 417, 419, 77 L. Ed. 1004, the court said: "Under the law of New York, what passed to these executors was the title to the fee. By the will of this testator all his property, real and personal (with exceptions not now material), was to be converted into money. The five sons and daughters among whom the money was to be divided had no interest in the land, aside from a right in equity to compel the performance of the trust. Real Property Law of New York (Consol. Laws, c. 50) § 100; Schenck v. Barnes, 156 N. Y. 316, 321, 50 N. E. 967, 41 L. R. A. 395; Melenky v. Melen, 233 N. Y. 19, 23, 134 N. E. 822. What was given to them was the money forthcoming from a sale. Delafield v. Barlow [107 N. Y. 535, 14 N. E. 498], Salisbury v. Slade [160 N. Y. 278, 54 N. E. 741], Weintraub v. Siegel [133 App. Div. 677, 118 N. Y. S. 261], supra. Their interest in the corpus was that and nothing more."

In considering the conveyance to the trustees and applying the principles above set out, we unhesitatingly reach the conclusion that the interest held by the decedent was personal property and not realty. The conveyance to the trustees specifically directed the sale of the real estate conveyed and left nothing to the discretion or judgment of the trustees, only limiting their power by direction to proceed "with all reasonable speed, consistent with prudent management and avoidance of loss." While it is true that the grantors in the deed of conveyance did reserve the right to remove the trustees appointed by them, respectively, and appoint others, yet there was no reservation whatever of power over the action of the trustees or control over the real estate conveyed. It was to be sold and the proceeds distributed. A reservation of power over the removal and appointment of the trustees was in no sense a reservation of any control over the property conveyed; the new trustees, if old ones were removed and new ones appointed, had no discretion, except to sell, and such a reservation would not in any sense so qualify the conveyance of the title as to prevent the conversion at the time of the execution of the deed from real estate into personal property. It is also true that the parties to the deed reserved the right to purchase, but this again was no such reservation of title as would defeat the conversion. The right to purchase was a right that any one would have.

The case of Lynn v. Gephart, 27 Md. 547, relied upon on behalf of the appellee and cited by the judge below in his opinion is clearly not controlling under the facts here. In the Lynn Case the grantors in the deed retained an equitable interest in the real estate sold as well as complete authority to direct the trustees. No such retention of power is found here. The case of Ganahl v. Ganahl, 323 Mo. 620, 19 S.W. (2d) 898, also relied upon on behalf of the appellee, is also distinguishable. In that case the court held that the will did not expressly direct the executors to sell. Here there was an express direction to the trustees to sell.

Having reached the conclusion above set out that the interest held by the plaintiff's decedent was personalty, it is scarcely necessary to discuss the second question, but it may not be improper to state that we have reached the conclusion that the laws of the District of Columbia are different from the statutes of Maryland and Virginia in that under certain circumstances real estate situated in the District of Columbia

400; Sears v. Scranton Trust Co., 228 Pa. 126, 77 A. 423, 20 Ann. Cas. 1145; Swisher v. Swisher, 157 Iowa, 55, 137 N. W. 1076; Fox v. Fox, 250 Ill. 384, 95 N. E. 498; Wheless v. Wheless, 92 Tenn. 293, 21 S. W. 595; Rockland-Rockport Lime Co. v. Leary, 203 N. Y. 469, 97 N. E. 43, L. R. A. 1916F, 352, Ann. Cas. 1913B, 62; Brown v. Fletcher, 235 U. S. 589, 35 S. Ct. 154, 59 L. Ed. 374; Allen v. Commissioner (C. C. A.) 49 F.(2d) 716, certiorari denied Allen v. Burnet, 284 U. S. 655, 52 S. Ct. 34, 76 L. Ed. 555; Schaefer v. Bowers (C. C. A.) 50 F.(2d) 689, certiorari denied 284 U. S. 668, 52 S. Ct. 42, 76 L. Ed. 566. Cf. Safe Deposit & Trust Co. v. Com. of Virginia, 280 U.

S. 83, 50 S. Ct. 59, 74 L. Ed. 180, 67 A. L. R. 386; Anchor Realty & Investment Co. v. Becker (D. C.) 3 F. Supp. 22, affirmed (C. C. A.) 71 F.(2d) 355; Haas v. Holman, 143 Or. 141, 21 P.(2d) 795; Marble Co. v. Merchants' Nat. Bank, 15 Cal. App. 347, 351, 115 P. 59; Houghton v. Pacific Southwest T. & S. Bank, 111 Cal. App. 509, 295 P. 1079; Lynch v. Cunningham, 131 Cal. App. 164, 21 P.(2d) 154, 973; Elkton Elec. Co. v. Perkins, 145 Md. 224, 125 A. 851, appeal dismissed 266 U. S. 585, 45 S. Ct. 124, 69 L. Ed. 454, certiorari denied 266 U. S. 602, 45 S. Ct. 90, 69 L. Ed. 462; Ganahl v. Ganahl, 323 Mo. 620, 19 S.W.(2d) 898; Lynn v. Gephart, 27 Md. 547.

is subject to the payment of the expenses of administration. It would therefore follow that that part of the estate situate in the District of Columbia would be subject to the federal estate tax, even though it should be held to be real estate. A discussion of this question with respect to the statutes of Maryland and Virginia will be found in our decisions in Tait v. Safe Deposit & Trust Co. of Baltimore, 70 F.(2d) 79; United States v. Willcox (C. C. A.) 73 F.(2d) 781, decided Nov. 19, 1934.

For the reasons given above, the judgment of the court below is reversed, and the cause remanded for further proceedings in accordance with this opinion.

Reversed.